**ORIGINAL**

RON SUNG, ESQ.
Nevada State Bar No. 13047C
I. KRISTINE BERGSTROM, ESQ.
Nevada State Bar No. 10841
Nevada Legal Services, Inc.
530 South Sixth Street
Las Vegas, Nevada 89101
(702) 386-0404 x148
Facsimile (702) 388-1641
*Attorneys for Plaintiff Lakeysha Holmes*

2013 NOV 20 P 2: 25

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* LAKEYSHA HOLMES, Relatrix,<br><br>and<br><br>LAKEYSHA HOLMES,<br><br>Plaintiffs,<br><br>v.<br><br>WIN WIN REAL ESTATE, INC., a Nevada Corporation;<br>MOONLIT PROPERTIES, LLC, a Nevada Limited Liability Corporation; and<br>FAISAL and SARAH CHAUDHRY,<br><br>Defendants. | FILED UNDER SEAL<br>PURSUANT TO<br>31 U.S.C. § 3730(b)(2)<br><br>2:13-cv-02149-APG-GWF |

## COMPLAINT

### INTRODUCTION

This action is brought under the False Claims Act ("FCA"), 31 U.S.C. § 3729 and 3730(b)(1). Plaintiff Lakeysha Holmes ("Holmes") rented a house at 17 Blue Sunrise Avenue,

1

North Las Vegas, Nevada, from Defendants Faisal and Sarah Chaudhry (the Chaudhrys) and their broker and property manager, Defendant Win Win Real Estate, Inc. ("Win Win"). Robert Sateren worked for Win Win as agent and employee. The Chaudhrys later transferred ownership to Moonlit Properties, LLC, ("Moonlit") during Holmes's tenancy. The tenancy was governed by the federally-regulated rent subsidy program known as the Section 8 Tenant Based Housing Choice Voucher Program ("Section 8"), administered by the Southern Nevada Regional Housing Authority ("SNRHA"). The Chaudhrys and SNRHA entered into a Housing Assistance Payment Contract ("HAP"), which prohibited them from charging Holmes additional rent and other fees.

Robert Sateren, on behalf of Win Win and the Chaudhrys, executed the lease between Holmes and the Chaudhrys and charged Holmes for Homeowners Association ("HOA") fees and property management fees each month from January 2012 until January 2013. The Chaudhrys violated the FCA by demanding side payments from Holmes while under contract with SNRHA. The United States seeks all remedies available under the FCA. Holmes seeks a statutory share of any awarded damages paid to the United States under the FCA, in addition to court costs and reasonable attorney fees, as well as damages under Nevada law for her unreturned security deposit.

## PARTIES

1. Plaintiff Lakeysha Holmes was a tenant of the Chaudhrys at the premises located at 17 Blue Sunrise Avenue, North Las Vegas, Nevada ("the premises"), from December 2011 through September 2013.

2. Plaintiff Lakeysha Holmes files this action on behalf of the United States of America to enforce her rights.

3. Defendant Win Win Real Estate, Inc., is a Nevada corporation and agent and property manager for Moonlit Properties, LLC, and the Chaudhrys.

4. Defendant Moonlit Properties, LLC, a Nevada limited liability corporation, is the current owner of the premises located at 17 Blue Sunrise Avenue, North Las Vegas, Nevada.

5. Defendant Faisal and Sarah Chaudhry previously owned the premises and are listed on the lease and the HAP.

## JURISDICTION

6. This court has jurisdiction over the federal claim pursuant to 28 U.S.C. §§ 1331, 1345 and 1367, and 31 U.S.C. § 3732.

## VENUE

7. Defendants committed the unlawful acts in Clark County in the State of Nevada. Venue is proper under 28 U.S.C. § 1391 and 31 U.S.C. § 3732.

## STATEMENT OF FACTS

8. The federal government instituted Section 8 to assist low income families with obtaining decent, safe, sanitary, and affordable rental housing; it is authorized by Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. §1437f, and governed by regulations contained in 24 C.F.R. Part 982.

9. Under Section 8, the United States Department of Housing and Urban Development (HUD) enters into annual contribution contracts with public housing agencies, including the Southern Nevada Regional Housing Authority (SNRHA).

10. Pursuant to the annual contribution contract, SNRHA enters into a contract with the landlord of an existing dwelling to make monthly housing assistance payments on behalf of eligible

tenants, subject to HUD approval; this contract is known as a Housing Assistance Payments Contract (HAP).

11. In addition to the HAP, the owner also enters into a lease agreement with the eligible family that must comply with federal regulations.

12. Robert Sateren, agent and employee of Win Win, executed the lease between the Chaudhrys and Holmes to rent the premises located at 17 Blue Sunrise Avenue, North Las Vegas, Nevada, to Holmes on December 19, 2013.

13. The Chaudhrys entered into the HAP with SNRHA on January 18, 2012, to rent the premises located at 17 Blue Sunrise Avenue, North Las Vegas, Nevada, to Holmes retroactively from December 19, 2011.

14. The HAP established the monthly rental amount of $1,328.00. SNRHA paid $1,103.00 each month directly to the Chaudhrys on behalf of Holmes's. Holmes paid the remaining rental portion of $225.00 each month.

15. Part C, paragraph 5, of the HAP and federal law prohibited the Chaudhrys from charging additional rent, otherwise known as side payments, and required the Chaudhrys to immediately return any excess rent payment to Holmes. 24 C.F.R. 983.353(b)(3) (2005); 24 C.F.R. 982.451(b)(3) and (4) (1999).

16. Part C, paragraph 5, of the HAP and federal law defines rent as "payment for all housing services, maintenance, equipment, and utilities to be provided by the owner without additional charge to the tenant, in accordance with the HAP contract and lease." 24 C.F.R. 983.353(b)(2).

17. Part A, paragraph 8, of the HAP listed the respective responsibilities for utilities and appliances for both the owner and tenant. If the utility or appliance was not listed in this section, "the owner shall pay for all utilities and appliances provided by the owner."

18. The HAP did not contain any provision related to the payment of property management fees or HOA fees.

19. Under Part B, paragraph 8, of the HAP and federal law, the Chaudhrys certified not to receive any side payments. 24 C.F.R. 983.209(g) and (h) (2005).

20. Under Section 9-I.E., Page 9-8, of the Administrative Plan for the SNRHA Housing Choice Voucher Program, accepting side payments for additional rent would result in termination of the HAP and would bar the owner from further participation in the Section 8 Program.

21. SNRHA never authorized the Chaudhrys to charge Holmes HOA fees and property management fees.

22. The Chaudhrys agreed to the terms of the HAP contract and knew or recklessly disregarded that accepting side payments breached the HAP contract between SNRHA and the Chaudhrys.

23. Each month from January 2012 to January 2013, Sateren charged rent from Holmes that included $28.00 for property management fees and $42.00 for HOA fees.

24. Holmes deposited rent, including the $28.00 for property management fees and $42.00 for HOA fees, each month from January 2012 to January 2013 directly to the Chaudhrys' bank account.

25. In May of 2012, the Chaudhrys transferred ownership of the premises located at 17 Blue Sunrise Avenue, North Las Vegas, Nevada, to Moonlit.

26. In total, Holmes paid $840.00 ($336.00 property management fees and $504.00 HOA fees) to the Chaudhrys and Moonlit.

27. Holmes never received the return of any property management fees or HOA fees she paid.

28. Sateren stated to Holmes that the property management fees and the HOA fees were required payments as part of the lease.

29. Each month from December 2011 to September 2013, SNRHA paid rent directly to the Chaudhrys and Moonlit on Holmes's behalf.

30. Holmes vacated the premise located at 17 Blue Sunrise Avenue, North Las Vegas, Nevada, on or about September 10, 2013.

31. Holmes paid the $1,000.00 security deposit in full on January 3, 2012.

32. Holmes provided the landlord with her forwarding address upon vacating the premises located at 17 Blue Sunrise Avenue, North Las Vegas, Nevada.

33. Upon vacating the premises, Holmes made multiple attempts to contact Sateren requesting the return of her security deposit.

34. Holmes has not yet received the return of her security deposit or any accounting of her security deposit from the Chaudhrys.

35. Holmes diligently cleaned the premises before vacating.

36. During Holmes's tenancy, the premises only suffered damages of normal wear and tear.

37. Holmes also paid a cleaning deposit at the start of the tenancy.

## CAUSE OF ACTION:
## VIOLATION OF FALSE CLAIMS ACT

38. Plaintiff incorporates the allegations set forth in paragraphs one (1) through thirty-seven (37) as though pleaded herein in full.

39. The False Claims Act, 31 U.S.C. § 3729 *et seq.*, imposes liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" from the United States Government. 31 U.S.C. § 3729(a)(1) (2009).

40. Any person who violates the False Claims Act is liable to the United States for not less than $5,000 and not more than $10,000, plus three times the damages suffered by the United States as a result of such person's actions, as well as for the costs of a civil action brought to recover penalty or damages under the False Claims Act. 31 U.S.C. § 3729(a)(1) and (3) (2009).

41. The False Claims Act defines "knowingly" to include the actions of a person who acts in "deliberate ignorance" or "reckless disregard" of the truth or falsity of the information, or has actual knowledge of the information; no proof of specific intent to defraud is necessary. 31 U.S.C. § 3729(b)(1) (2009). "Claim" is defined to include "any request or demand" for money made to a recipient if the United States pays "provides any portion of the money… which is requested." 31 U.S.C. § 3729(b)(2) (2009).

42. The HAP between the Chaudhrys and SNRHA prohibited the Chaudhrys from collecting additional rent, otherwise known as side payments.

43. HOA fees and property management fees are side payments because the HAP did not contain any provision related to the payment of property management fees or HOA fees.

44. The Chaudhrys and Moonlit knowingly collected these illegal side payments in breach of the HAP while simultaneously receiving monthly rental payments from SNRHA under the HAP.

45. The Chaudhrys and Moonlit violated the False Claims Act each time the Chaudhrys and Moonlit received payments from SNRHA while knowingly breaching the HAP.

46. The Chaudhrys and Moonlit received twenty-two (22) rental payments from SNRHA on behalf of Holmes from December 2011 to September 2013, each constituting a separate false claim or misrepresentation against the United States.

47. Under the Administrative Plan for the SNRHA Housing Choice Voucher Program, the SNRHA would have terminated the HAP and ceased payments to the Chaudhrys and Moonlit upon learning about the side payments.

48. The United States Government suffered damages as a result of violations of the FCA because the housing assistance money from HUD paid by SNRHA to the Chaudhrys and Moonlit would not have occurred but for the Chaudhrys' false claims and misrepresentations.

49. The United States Government sustained damages equal to all payments made to the Chaudhrys and Moonlit pursuant to Holmes's Section 8 assistance.

### FAILURE TO RETURN SECURITY DEPOSIT IN VIOLATION OF NEVADA REVISED STATUTES 118A.242

50. Plaintiff incorporates the allegations set forth in paragraphs one (1) through thirty-seven (37) as though pleaded herein in full

51. Under Nevada Revised Statutes ("NRS") 118A.242, the landlord must return the security deposit within 30 days of the tenant vacating the property. If the landlord deducts any amount from the security deposit, "the landlord shall provide the tenant with an itemized written accounting of the disposition of the security or surety bond, or a combination thereof, and return any remaining portion of the security to the tenant no later than 30 days after the termination of the tenancy."

52. If the landlord fails comply with NRS 118A.242, the landlord is liable to the tenant for up to twice the amount of the security deposit.

53. Holmes received neither the return of the security deposit nor an itemized written accounting of the disposition of the security from Moonlit within 30 days of vacating the premises located at 17 Blue Sunrise Avenue, North Las Vegas, Nevada.

54. Accordingly, Moonlit violated NRS 118A.242 and are liable to Holmes for up to twice the amount of the security deposit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the United States of America respectfully request the following relief:

A. Find that the Chaudhrys, Moonlit, Sateren, and Win Win violated the False Claims Act and is liable to the United States.

B. Assess a civil penalty against the Chaudhrys and Moonlit for each of the twenty-two (22) separate violations of the False Claims Act in the amount of not less than $5,000 and not more than $10,000, for a total of not less than $110,000 and not more than $220,000.00.

C. Award the United States three times the amount of damages that it sustained as a result of the Chaudhrys' acts.

D. Award the Holmes the *qui tam* plaintiff's share of the proceeds or settlement pursuant to 31 U.S.C. § 3730(d).

E. Award Holmes damages for the Chaudhrys' and Moonlit's violations of Nevada Revised Statutes 118A.242 of $2,000, which is twice the amount of the security deposit.

F. Award Holmes any court costs and reasonable attorney's fees.

G. Grant whatever other relief is just and proper.

DATED this 20 day of November, 2013.

Respectfully Submitted,

RON SUNG, ESQ.
Nevada State Bar No. 13047C
I. KRISTINE BERGSTROM, ESQ.
Nevada State Bar No. 10841
Nevada Legal Services, Inc.
530 South Sixth Street
Las Vegas, Nevada 89101
(702) 386-0404 x148
Facsimile (702) 388-1641
*Attorneys for Plaintiff*

## CERTIFICATE AS TO INTERESTED PARTIES

The undersigned, counsel of record for Lakeysha Holmes, certifies that the following have an interest in the outcome of this case: the United States Government, Defendant Win Win Real Estate, Inc., Defendant Moonlit Properties, LLC, and Defendants Faisal and Sarah Chaudhry. These representations are made to enable judges of the Court to evaluate possible disqualifications.

Signature, Attorney of record for Lakeysha Holmes:

RON SUNG, ESQ.
Nevada State Bar No. 13047C
I. KRISTINE BERGSTROM, ESQ.
Nevada State Bar No. 10841
Nevada Legal Services, Inc.
530 South Sixth Street
Las Vegas, Nevada 89101
(702) 386-0404 x148
Facsimile (702) 388-1641
*Attorneys for Plaintiff Lakeysha Holmes*

## CERTIFICATE OF MAILING

I hereby certify that on this __20__ day of __November__, 2013, I served the foregoing **COMPLAINT**, upon the following person(s), by depositing a copy of same in a sealed envelope in the United States Mail, postage pre-paid, to the following:

**U.S. Attorney's Office**
**333 Las Vegas Boulevard South**
**Suite 5000**
**Las Vegas, NV 89101**

DATED this __20__ day of __November__, 2013.

_____
An Employee of Nevada Legal Services

12