**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel*. LAKEYSHA HOLMES, Relatrix, and LAKEYSHA HOLMES, | Case No. 2:13-cv-02149-APG-GWF |
| Plaintiffs, | **ORDER REGARDING PENALTIES AND DAMAGES** |
| v. | |
| WIN WIN REAL ESTATE, INC., a Nevada Corporation; MOONLIT PROPERTIES, LLC, a Nevada Limited Liability Corporation; FAISAL CHAUDHRY and SARAH CHAUDHRY, | |
| Defendants. | |

Plaintiff Lakeysha Holmes brought a qui tam action on behalf of the United States Government pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq*.  Holmes' complaint asserts, in part, that defendants Faisal and Sarah Chaudhry violated the FCA by misrepresenting the amount of rent they were charging Ms. Holmes, whose rent was being subsidized by the United States Department of Housing and Urban Development.

I previously granted Holmes' motion for summary judgment as to the Chaudhrys' liability under the FCA. (Dkt. #38.)  At my request, the parties submitted supplemental briefing on the appropriate damage and penalty award for the Chaudhrys' FCA violation. (Dkt. #42, #43.)

The Chaudhrys argue the Government suffered no damages for their FCA violation because regardless of whether they charged Holmes $70.00 in monthly Homeowner's Association ("HOA") and property management fees, she never paid them.  They contend that Holmes is lying when she says she paid HOA and management fees from January 2012 to January 2013. Their supplemental brief cites no evidence to support these assertions.  However, in their opposition to Holmes' motion for summary judgment, the defendants submitted an affidavit from Faisal Chaudhry in which he states under oath that Holmes owed them $1,120.00 in HOA and management fees which "were never paid for 16 months." (Dkt. #34 at 32.)  The Chaudhrys also

1   argue that the Government has suffered no damages because it would have paid $1,103.00 per

2   month in rent, as set out in the HAP contract, regardless of whether the HOA and management

3   fees were included in the contract.  However, they offer no evidence or case law in support of this

4   assertion.  As regards the penalty award, the Chaudhrys argue that there was only one violation of

5   the FCA: the single time they signed the HAP contract certifying that no additional rents would

6   be charged.  Therefore, they contend that the appropriate penalty under the FCA is, at most, one

7   civil penalty of $5,500.00.

8         Holmes contends that if the Chaudhrys had been truthful to the Government about the side

9   payments they intended to charge her, the Government would not have disbursed any rental

10  payments to them.  Therefore, she argues that the appropriate damage award is the total amount

11  of all monies the Government paid out to the Chaudhrys under the HAP contract.  She contends

12  this amount is $15,515.55 which, when trebled, totals $46,546.65.  Holmes also argues that the

13  Chaudhrys violated the FCA each time they charged her the additional monthly $70.00 in HOA

14  and management fees.  Therefore, she contends that a penalty of between $5,500.00 and

15  $11,000.00 should be awarded for each month that Holmes was charged the additional fees.

16        Under the FCA, a violator is liable to the Government for a civil penalty of not less than

17  $5,500.00 and not more than $11,000.00, plus three times the amount of damages which the

18  Government sustains because of the violator's acts. 31 U.S.C. § 3729(a)(1)(G); 28 C.F.R.

19  § 85.3(a)(9).  Each violation of the FCA gives rise to separate liability and therefore a separate

20  civil penalty. *See United States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1170-1171

21  (9th Cir. 2006) (noting the Congressional mandate that "the scope of false claims should be

22  broadly construed" and that "each and every claim submitted under a contract, loan guarantee, or

23  other agreement which was originally obtained by means of false statements or other corrupt or

24  fraudulent conduct, or in violation of any statute or applicable regulation, constitutes a false

25

26

27

28

1  claim") (internal citations and quotations omitted); *Coleman v. Hernandez*, 490 F. Supp. 2d 278,

2  281 (D. Conn. 2007) ("Liability attaches for each false claim submitted.").

3      Holmes states under oath that "[e]ach and every month from January 2012 to January

4  2013, my landlord charged me for rent that included $28.00 for property management fees and

5  $42.00 for HOA fees. . . . I deposited rent, including the $28.00 for property management fees

6  and $42.00 for HOA fees, each month from January 2012 to January 2013 directly to the

7  Chaudhrys' bank account." (Dkt. #31 at 2.)  However, Faisal Chaudhry declares that "the HOA

8  and management fees totaling $70 were never paid for 16 months, for an additional amount owed

9  [to them from Holmes] of $1,120.00." (Dkt. #34 at 32.)  Thus, there are questions of fact whether

10 the Chaudhrys charged Holmes—and whether Holmes paid—the additional fees for 12 months or

11 16 months.  Because there is no issue of fact that Holmes was charged the fees for at least 12

12 months, I find that the Chaudhrys violated the FCA at least 12 times.  The appropriate penalty is

13 $5,500.00 per violation.  At this time, the Chaudhrys are therefore liable for $66,000.00 ($5,500 x

14 12) in civil penalties.  Whether the Chaudhrys are liable for the additional four months is an issue

15 of fact for trial.

16      As regards the damage award for the Chaudhrys' FCA violations, "the measure of the

17 government's damages under the False Claims Act would be the amount that it paid out by reason

18 of the false statements over and above what it would have paid if the claims had been truthful."

19 *United States v. Mackby*, 339 F.3d 1013, 1018 (9th Cir. 2003) (*citing United States v. Woodbury*,

20 359 F.2d 370, 379 (9th Cir. 1966)).  To bring an FCA claim, "the Government is not tasked to

21 show that it incurred damages, although a showing of damages as a result of the fraudulent claim

22 is required if the Government seeks to recover damages." *Chapman Law Firm, LPA v. United*

23 *States*, 113 Fed. Cl. 555, 603 (2013) *aff'd*, 583 F. App'x 915 (Fed. Cir. 2014) (internal quotation

24 and citation omitted); *see also Commercial Contractors, Inc. v. United States*, 154 F.3d 1357,

25 1371 (Fed. Cir. 1998) ("[A] contractor can be held liable for submitting a false claim even if the

26 goods it delivered are of the same quality as the goods specified in the contract, provided that the

27 contractor acted with the requisite knowledge that the corresponding claim was false.  But while

28

1   the contractor may be liable in that situation, it is liable only for FCA penalties, not damages. . . .

2   In order to recover FCA damages, the government must prove that it sustained an actual loss as a

3   result of the contractor's false or fraudulent claim." (citations omitted)).

4           Holmes has brought a qui tam action on behalf of the Government.  She therefore has, for

5   purposes of this case, stepped into the shoes of the Government when bringing this claim.

6   Therefore, the damages in this case equal the damages that the Government suffered by paying

7   the Chaudhrys more than it would have had it known that they were charging Holmes the

8   additional fees.  Holmes contends that the Government should be able to recover all funds paid to

9   the Chaudhrys, even the base rent, because the Government would not have paid them any money

10   if it knew they were charging Holmes the extra fees.  However, there is no admissible evidence to

11   prove that.  If the Chaudhrys received extra fees above the approved rent, the Government could

12   recover that as damages.  Holmes claims she paid the additional HOA and management fees for

13   12 months, from January 2012 to January 2013. (Dkt. #31 at 2.)  Faisal Chaudhry denies that.

14   (Dkt. #34 at 32.)  Thus, there is an issue of fact as to whether the Government suffered any

15   damages as a result of the Chaudhrys' FCA violations because it is disputed whether the

16   additional fees were actually paid to the Chaudhrys.

17           The last line of Holmes' supplemental brief also requests an attorneys' fee award of

18   $24,420.00. (Dkt. #43 at 4.)  The FCA grants an award of reasonable attorneys' fees and costs for

19   counsel who represent individuals in qui tam actions. 31 U.S.C. § 3730(d)(2).  The FCA requires

20   that the attorneys' fees and costs be "awarded against the defendant, rather than taken out of the

21   proceeds" of the FCA recovery. *United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 747 (9th

22   Cir. 1993).  Furthermore, "[i]n the qui tam arena, . . . attorneys' fees must go to the attorneys

23   rather than to the plaintiff." *U.S. ex rel Sharma v. Univ. of S. Cal.*, 217 F.3d 1141, 1143 (9th Cir.

24   2000) (internal citations and quotation omitted).  Holmes and her counsel have not submitted

25   documentation by which I can evaluate whether the fee award they request is reasonable.  Further,

26   by making the request in their supplemental brief, they have deprived the Chaudhrys of an

27   opportunity to object.  Finally, this request may be premature, as issues remain for trial.

28

1    Therefore, I deny this request without prejudice.  Holmes and her counsel may file a motion for

2    attorneys' fees at the appropriate time, in accordance with Local Rule 54-16(b).

3            IT IS THEREFORE ORDERED that the Chaudhrys are liable for at least 12 violations of

4    the FCA, and a penalty is entered against them in the amount of $66,000.00.  Issues of fact

5    remain on (1) whether the Chaudhrys charged Holmes the additional fees for 12 months or 16

6    months, resulting in four more violations, and (2) whether Holmes actually paid the additional

7    fees charged.

8            IT IS FURTHER ORDERED that Holmes' request for attorneys' fees is denied without

9    prejudice.

10           DATED this 1st day of March, 2016.

11

12                                                  _____
                                                    ANDREW P. GORDON
13                                                  UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28